FILED
CLERK, U.S. DISTRICT COURT

JAN - 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVERSIFIED REAL PROPERTY MANAGEMENT,<br><br>Plaintiff,<br><br>vs.<br><br>TONY HARRIS, et al.,<br><br>Defendants. | CASE NO. CV 13-9263 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On December 17, 2013, the defendant in what appears to be a routine unlawful detainer action in California state court lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the application under separate cover, because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

There is no basis for concluding that this unlawful detainer action could have been brought in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore, removal is

improper. 28 U.S.C. § 1441; see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). In his Civil Cover Sheet, defendant states that the parties reside in Los Angeles, California, and thus, it appears that they are citizens of California. See State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima face* the domicile" for diversity jurisdiction purposes); Bergman v. Bank of America, 2013 WL 5863057, at *1 n. 2 (N.D. Cal. Oct. 23, 2013) (when civil cover sheet alleged that plaintiffs resided in Santa Clara, California, plaintiffs were treated as California citizens for diversity jurisdiction purposes in the absence of evidence to the contrary). An action may not be removed on the basis of diversity jurisdiction if the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b). Further, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000; indeed, the unlawful detainer complaint expressly alleges that the amount demanded "does not exceed $10,000." See 28 U.S.C. § 1332(a). Finally, plaintiff's unlawful detainer complaint does not raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(a).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 1725 Main Street, Santa Monica CA 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 12/30/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE